FILED

SEP 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50198 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00596-BEN-4 |
| v. | |
| DAVID NAVARRETE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 10, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

"We review the district court's interpretation of the [U.S. Sentencing]

Guidelines de novo, the district court's application of the Guidelines to the facts of

the case for abuse of discretion, and the district court's factual findings for clear

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

error." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The record establishes that the district court considered the enumerated factors in the commentary to U.S.S.G. § 3B1.2 when assessing whether Navarrete should receive a sentence reduction for playing a minor role in the offense. *See* U.S.S.G. § 3B1.2, cmt. n.3(C) (2015). Defense counsel listed all five factors in the guidelines commentary, and the district court stated that it had "considered all of the application notes of 3B1.2." "We assume that district judges know the law and understand their obligation to consider all of the [sentencing] factors." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). "The district court need not tick off each of the [sentencing] factors to show that it has considered them." *Id.* The district court did not improperly rely solely upon Navarrete's "essential role" in the conspiracy, and did not abuse its discretion in denying a minor role sentence reduction.

2. Navarrete's sentencing chart and the base offense level used by the district court establish that he was not sentenced as a direct money launderer, and there is no doubt that Navarrete knew the laundered funds were the proceeds of cocaine sales or were intended to promote the distribution of cocaine. The district

2

court therefore properly applied a six-level enhancement under U.S.S.G. § 2S1.1(b)(1).

3.  The record establishes that the district court considered all relevant factors under 18 U.S.C. § 3553(a), including mitigating factors, *see Carty*, 520 F.3d at 992, and under plain error review, Navarrete cannot show that the district court's reliance on any extraneous information caused him significant prejudice, *see United States v. Warr*, 530 F.3d 1152, 1162–63 (9th Cir. 2008).  Navarrete's sentence was thus not procedurally or substantively unreasonable.

**AFFIRMED.**